IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **Great Northern Insurance Company**, as subrogee of Michael and Tracy Roberge, 202B Halls Mill Road Whitehouse Station, NJ 08889 | : : : : : | Case No. |
| Plaintiff, | : : | |
| v. | : : | |
| **Iron Mountain Water Services Company, Inc.** 243 Route 302 Glen, NH 03838 | : : : : : | |
| Defendant. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Great Northern Insurance Company, as subrogee of Michael and Tracy Roberge, through its undersigned counsel and for its Complaint against Defendant, Iron Mountain Water Services Company, Inc., avers as follows.

## PARTIES

1. Plaintiff, Great Northern Insurance Company, as subrogee of Michael and Tracy Roberge, is a corporation, organized and existing under the laws of the State of Indiana, with its principal place of business at 202B Halls Mill Road, Whitehouse Station, NJ 08889.

2. At all times material hereto, Plaintiff was authorized to issue insurance policies in the State of New Hampshire

3. Defendant, Iron Mountain Water Services Company, Inc., is a corporation, organized and existing under the laws of the State of New Hampshire, with its principal place of business at 243 Route 302, Glen, NH 03838.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332, as there is diversity between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs of this action.

5. Venue is properly laid in this judicial district because the events giving rise to Plaintiff's claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Plaintiff's insureds, Michael and Tracy Roberge, owned the real and personal property located at 6 Hemlock Drive, Lincoln, NH 03521 ("Subject Property").

7. At all times material hereto, Plaintiff insured the Subject Property pursuant to policy number 001233351704 ("Policy").

8. At all times material hereto, Defendant was engaged in the business, *inter alia*, of operating small and community water systems.

9. At all times material hereto, Defendant operated the water system providing domestic water service to the Subject Property.

10. On or about July 16, 2017, there was a spike in the water pressure at the Subject Property.

11. The spike in the water pressure at the Subject Property caused water to discharge throughout the Subject Property ("Incident").

12. The Incident caused damage to the Subject Property.

13. As a result of the Incident, Plaintiff's insureds suffered damage totaling $398,453.99.

14. Plaintiff's insureds submitted a claim to Plaintiff for the damage caused by the Incident and, pursuant to the terms of the Policy, Plaintiff made payments to its insureds totaling $398,453.99.

15. In accordance with the terms of the Policy, as well as the common law principles of legal and equitable subrogation, Plaintiff, by virtue of and to the extent of its payments, is subrogated to its insured's right to recover from Defendant.

## COUNT I – NEGLIGENCE

16. Plaintiff incorporates the paragraphs preceding Count I as if fully set forth herein.

17. Defendant had a duty to use due care in providing water service to the Subject Property.

18. Defendant breached its duty to use due care in providing water service to the Subject Property.

19. The spike in the water pressure that occurred on July 16, 2017 was, or should have been, foreseeable to Defendant.

20. The Incident and resulting damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant and/or Defendant's agents and/or employees acting within the scope of their employment, as follows:

   A. Allowing the water pressure at the Subject Property to exceed safe levels;

   B. Failing to prevent a spike in water pressure at the Subject Property;

   C. Failing to maintain adequate safeguards against an over-pressure event;

   D. Allowing an over-pressure event to damage the Subject Property;

   E. Allowing water to reach the Subject Property at an unsafe level of pressure;

F.      Failing to properly train and/or supervise its employees in providing water service to the Subject Property; and

G.      Exposing the Subject Property to an unreasonable risk of water damage.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $398,453.99, along with interest, the costs of this action, and such other relief as deemed just and proper under the law.

## JURY TRIAL DEMAND

The plaintiff demands a Jury Trial in the above-captioned matter.

Date:   February 14, 2019

/s/ John P. Sherman
John P. Sherman, Esq. (NH Bar No. 12536)
SHERMAN LAW, PLLC
111 Bow Street – Unit 2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

Of Counsel:
Christopher H. Boyle, Esq.
Cozen O'Connor
1650 Market Street – Suite 2800
Philadelphia, PA 19103
(215) 665-2068
chboyle@cozen.com