# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Great Northern Ins. Co.

    v.

Iron Mountain Water Servs. Co., Inc.

Case No. 19-cv-160-AJ
Opinion No. 2019 DNH 157

## O R D E R

Plaintiff Great Northern Insurance Company, as subrogee for its insureds, Michael and Tracy Roberge, filed this lawsuit against Iron Mountain Water Services Company. Great Northern alleges that Iron Mountain negligently operated the water system that provided water service to Great Northern's insureds' property, resulting in damage to the insureds' property.

The parties have consented to the jurisdiction of the undersigned magistrate judge. Doc. No. 12. Iron Mountain filed a motion to dismiss (Doc. No. 14) the complaint, which contains a sole claim of negligence. Great Northern opposes dismissal. For the reasons that follow, the court construes the motion to dismiss as a motion for judgment on the pleadings and denies it.

## Standard of Review

A. Motion for Judgment on the Pleadings

Because Iron Mountain filed its answer before filing the motion to dismiss, the motion to dismiss is construed as a

motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  See e.g., Weeks v. Five Bros. Mortg. Servs. & Securing, Inc., 2014 WL 1379335, at *3 (D.N.H. April 9, 2014).

When a motion for a judgment on the pleadings is used to attack the plausibility of a complaint, the motion is evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Diaz-Nieves v. United States, 858 F.3d 678, 689 (1st Cir. 2017); Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012).  Judgment on the pleadings, therefore, is appropriate if the facts from the pleadings, taken in the light most favorable to the nonmovant, fail to allege a plausible entitlement to relief.  Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007)).  As usual, the court disregards conclusory allegations.  Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  At bottom, the complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

    B.   Evidence Attached to Motion to Dismiss

Because Iron Mountain attached evidence to its motion to dismiss, Great Northern suggests that the court would have to

2

convert the motion into one for summary judgment before ruling on it. See Fed. R. Civ. P. 12(d).[1]  Iron Mountain contends that this evidence shows that it operated the water system for the insureds' property pursuant to contracts with a homeowners' association for the insureds' neighborhood.  As explained below, however, the contracts are irrelevant to the negligence claim before the court.  Accordingly, the court need not and does not consider them for purposes of resolving the motion.  Therefore, it is not necessary to convert the motion to a summary judgment motion.  See id. (requiring conversion to summary judgment only if the material is not excluded by the court).

## Background

According to Great Northern's complaint, Iron Mountain "operated the water system providing domestic water service" to a real estate property owned by Great Northern's insureds.  Doc. 1 ¶¶ 6, 9.  On July 16, 2017, "there was a spike in the water pressure" at the insureds' property, which "caused water to discharge" through the insureds' property.  Id. ¶¶ 10-11.  As a result of the damage caused by the water discharge, the insureds made a claim to Great Northern, which paid $398,453.99 to the

---

[1] To be sure, Great Northern urges the court to deny the motion as procedurally improper rather than converting it to a summary judgment motion.

insureds.  Id. ¶¶ 12-14.  Great Northern filed this lawsuit against Iron Mountain to recover that amount, accusing it of negligently operating the water system that it says provided service to its insureds' property and caused the damage to it.

## Discussion

Iron Mountain argues that it had no "relationship" with the insureds from which a duty to act with reasonable care could arise.  As noted above, Iron Mountain attached contracts to its motion that, it asserts, establishes that it provided services to a homeowners' association for the insureds' neighborhood. Iron Mountain argues that the insureds cannot rely on the contracts to create a duty of care or relationship between it and the insureds because the insureds were not parties to the contracts.

In response, Great Northern argues that Iron Mountain's motion is procedurally improper, a subject which the court has addressed above in discussing the appropriate standard of review.  Great Northern further contends that the motion fails on its merits because Iron Mountain had a general common law duty to act with reasonable care, and it asserts that the contract is irrelevant to the negligence claim.

To show negligence, the plaintiff must show that the defendant owed it a duty, that the duty was breached, that the

4

plaintiff suffered an injury, and that the defendant's breach was the proximate cause of the injury. Laramie v. Sears, Roebuck & Co., 142 N.H. 653, 655 (1998). A defendant is charged with a duty of care to the extent his conduct creates a sufficiently foreseeable risk of harm to others. See, e.g., Macie v. Helms, 156 N.H. 222, 224 (2007) ("The scope of the duty of care imposed upon the defendants . . . is limited by what risks, if any, are reasonably foreseeable."); Manchenton v. Auto Leasing Corp., 135 N.H. 298, 305-06 (1992) (holding that the defendant "owed no common law duty to members of the general public to remove his keys from his vehicle" because the risk of harm to the general public created by failing to remove the keys was not reasonably foreseeable). In other words, if a defendant acts, and if that act creates a reasonably foreseeable harm to another, he is charged with a duty to take reasonable care with respect to that act. See Macie, 156 N.H. at 224.

Iron Mountain contends that a "relationship" between the harmed party and the defendant is required to impose a duty of care. A special relationship between a harmed party and defendant may be used to impose a duty of care, if that relationship shows the harm that occurred was reasonably foreseeable to the defendant. See, e.g., Simpson v. Calivas, 139 N.H. 1, 5-6 (1994) (holding that an attorney's duty of reasonable care in drafting a contract extended to the intended

beneficiary of that contract because that relationship created an "obvious foreseeability of injury to the beneficiary"); Jacobson v. Yoken's, Inc., 104 N.H. 331, 333 (1962) ("The extent of the defendant's duty depended on the nature of the relationship existing between the parties at the time of the accident."). That is to say, while the existence of a particular type of relationship between the harmed party and the defendant is a fact that can show that certain harms were reasonably foreseeable to the defendant, it is not itself an element of the duty of care. See Walls v. Oxford Mgmt. Co., 137 N.H. 653, 656 (1993) ("In some cases, a party's actions give rise to a duty. . . . In other cases, a duty to act exists based on a special relationship between two parties. . . . In either case, the scope of the duty imposed is limited by what risks, if any, are reasonably foreseeable.").

Here, Great Northern alleged that Iron Mountain provided water service to the insureds' property. Great Northern also alleged that a problem with the water pressure caused water to flood the insureds' property. Nothing more than common sense is necessary to conclude that harm to a property is reasonably foreseeable to a business that provides water service to that property. Whether Iron Mountain provided its water service pursuant to a contract with a third party is irrelevant to whether it owed Great Northern's insureds a duty of care in

providing water service to their property.  Accordingly, Iron Mountain's argument that no duty of care exists under the circumstances alleged by Great Northern lacks merit.

## Conclusion

For the foregoing reasons, Iron Mountain's motion for judgment on the pleadings (Doc. No. 14) is denied.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

September 19, 2019

cc:   Christopher H. Boyle, Esq.
      John P. Sherman, Esq.
      Naomi L. Getman, Esq.
      Heather S. Ward, Esq.